Curia, per

Butler, J.
We are of opinion that the nonsuit ordered by the Circuit Judge should be set aside. Hannah Carlile had been duly called on to account, by a Court of competent jurisdiction. She had it in her power to acccount for her administration as fully in the Court of Equity, as she would have had before the Ordinary. Her liability was established by a decree which she did not oppose. Whether she could have effectually resisted it or not, is not for this Court to inquire. It is only necessary to inquire whether there was such evidence of a devastavit, as prima facie, to subject her security, Durant, to liability on the bond. .By the decree it would appear that Hannah Carlile had assets for which she was liable to those having demands against her intestate, and by the return of nulla bona on the fi. fa. (issued on the decree) it would appear that she had wasted the assets that came into her hands, (a) This has always been regarded, as sufficient evidence of a devastavit, to charge the security on the administration bond. The ground was taken in argument, and it was the principal one relied on, that the securities of Jane Radford were alone liable to the present plaintiff, as she ^received into her possession, and did not account in her lifetime, for the estate of John J. Radford. If Jane wasted that estate, and it could be made to appear that her administratrix, Hannah Carlile, received nothing of it, the securities of the former, and not the latter, would properly be responsible for the devastavit. But the bill against Hannah charges that she received the money and chattels which had been in the hands of Jane Radford, and thereby incurred a responsibility to answer for the debts and demands against her intestate. The demand of plaintiff is fairly asserted against the representative of Jane Radford, and as she has not denied it, she must abide the judgment against her.
The security, Durant, however, occupies a different position in this controversy. As he was not a party to the proceedings against his principal/he is not absolutely bound by them, but, under the decision of the Ordinary vs. Condy, (b) he may now show that his principal received nothing of the assets of the estate of John J. Radford, but that hey were wasted by the administratrix, Jane. He is not concluded *69 by the proceedings against Hannah Carlile, but may show, on another trial, that his principal, having reached nothing, should have been amenable for nothing. This is an issue which depends on evidence, to be decided by a Court and jury. The motion to set aside the nonsuit is granted.
Note:—The notes of argument, and the authorities cited by the counsel, that the Reporter had taken, have accidentally been mislaid, and cannot be found so as to appear with this case. Reporter.
Thompson, for the motion. Yeadon, contra.
The whole Court concurred.

 Post 380. An.

 Supra 41, and notes.